**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Theo Bosa

    v.                              Case No. 20-cv-262-PB

Northern New Hampshire Correctional
Facility Warden Corey Riendeau

### REPORT AND RECOMMENDATION

Before the court is Theo Bosa's petition for a writ of habeas corpus, which he filed under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Bosa is an inmate at the Northern New Hampshire Correctional Facility ("NCF"). He has named the NCF as the respondent, and he has asked this court to enjoin federal agencies including U.S. Immigration and Customs Enforcement ("ICE") from transferring him out of this jurisdiction while this case is pending. Mr. Bosa's petition is before the court to determine whether it is facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

Petitioner is serving a sentence of three to seven years in prison, stand committed, imposed by the New Hampshire Superior Court on September 7, 2016, after a jury convicted him of second-degree assault. See Pet. (Doc. No. 1). Mr. Bosa's minimum sentence, marking the earliest date of his parole eligibility, expired in 2019. His maximum sentence of seven

years, imposed in 2016, has not yet expired.  Public records indicate that the New Hampshire Adult Parole Board will hear petitioner's application for parole at a March 5, 2020 hearing.  See N.H. Adult Parole Bd., March 5, 2020 Hearings, at https://www.nh.gov/nhdoc/divisions/parole/hearings.html (last visited Feb. 26, 2020).

    Petitioner asserts that he is a refugee and a lawful permanent resident of the United States.  Mr. Bosa filed the instant federal habeas petition after learning from his NCF counselor that he will not be going home upon his release from NCF; rather, he was told, ICE agents will take him into custody at that time.  Mr. Bosa asserts he has never received notice from ICE or any other federal agency that he is the subject of removal proceedings.  In addition, Mr. Bosa asserts, at the time of his September 2016 sentencing in Superior Court, both his attorney and the prosecutor told the Superior Court judge that "Mr. Bosa was not facing deportation or immigration proceedings, 'due to the conditions in the Republic of Congo,'" and that "it would not be safe for Mr. Bosa to be returned to the Republic of Congo."  Pet. (Doc. No. 1) at 4.  Petitioner asserts here that he is being detained at NCF in violation of his federal due process rights, and that he cannot exhaust his "administrative remedies" on that claim as neither the prison nor a state court can grant him relief.

This court construes Mr. Bosa's petition as intending to challenge the authority of ICE to take him into custody upon his release from state prison. This court has jurisdiction under 28 U.S.C. § 2241 to review the claims of inmates "in custody" in violation of the Constitution or laws and treaties of the United States. Mr. Bosa, however, is not presently in ICE custody[1]; he remains in state custody pursuant to his state judgment of conviction and sentence, whose validity is not drawn into question by his claims in this case.[2] Whether or not ICE has lodged a detainer with the New Hampshire Department of

---

[1] If ICE takes Mr. Bosa into custody and initiates removal proceedings, cf. Demore v. Kim, 538 U.S. 510, 531 (2003) ("[d]etention during removal proceedings is a constitutionally permissible part of that process"), Mr. Bosa would have an opportunity in those proceedings to present evidence and raise claims challenging his deportability. See generally Reid v. Donelan, 390 F. Supp. 3d 201, 213 (D. Mass. 2019), appeal docketed, No. 19-1787 (1st Cir. Aug. 7, 2019). This court's jurisdiction in such matters is restricted, see, e.g., 8 U.S.C. § 1252(a)(5), but still exists in cases where the petitioner raises federal claims challenging immigration detention as prolonged and/or indefinite, see, e.g., Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Reid, 390 F. Supp. 3d at 227-28.

[2] It does not appear that Mr. Bosa is challenging the validity of his state conviction in this petition. To the extent he plans, for example, to raise a Sixth Amendment ineffective assistance of counsel claim relating to advice he may have received about the immigration consequences of his conviction, he must file a new petition under 28 U.S.C. § 2254 including all of his federal claims, demonstrating that he has exhausted the available state court remedies as to each federal claim he asserts in such a petition, see 28 U.S.C. § 2254(b). Mr. Bosa might confront a substantial statute of limitations problem if he were to file such a petition. Cf. 28 U.S.C. § 2244(d).

Corrections ("DOC"), advising the DOC that ICE seeks take him into custody upon his release from state prison, there is presently too much uncertainty about the timing of Mr. Bosa's eventual release from state custody, and the circumstances that might attend any future ICE custody, to make Mr. Bosa's claims, challenging future ICE custody, ripe for review at this time. His present petition challenging future ICE detention following his release from state custody is properly dismissed in its entirety without prejudice.  See Arrechavaleta v. Stine, No. CV512-023, 2012 WL 6626092, at *1, 2012 U.S. Dist. LEXIS 180679, at *4-5 (S.D. Ga. July 23, 2012), R&R approved, 2012 WL 6626044, 2012 U.S. Dist. LEXIS 179535 (S.D. Ga. Dec. 19, 2012); see also Gonzalez v. Morris, No. 20-20359-CV-KING, 2020 U.S. Dist. LEXIS 32897, at *5 (S.D. Fla. Feb. 24, 2020).

## Conclusion

Accordingly, the instant § 2241 petition - construed to challenge the authority of ICE to take Mr. Bosa into custody after he is released from his present state prison sentence – should be dismissed without prejudice, and this case should be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written

objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2020

cc: Theo Bosa, pro se